LAW OFFICES OF ROBERT P. SPRETNAK
Robert P. Spretnak, Esq. (Bar No. 5135)
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 454-4900
Fax: (702) 938-1055
Email: bob @ spretnak.com

Attorney for Kristine E. Miller, Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KRISTINE E. MILLER,<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada,<br><br>Defendant. | Case No.: 2:19-cv-1481<br><br>**COMPLAINT**<br><br>JURY DEMAND |

Plaintiff KRISTINE E. MILLER states as follows:

**Jurisdiction**

1. This is an action for damages arising under the Americans with Disabilities Act , as amended, 42 U.S.C. §§ 12101-12213, ("ADAAA"), and under the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701-796*l*.

2. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(3) (civil rights action), 29 U.S.C. § 794a(a)(1) (Rehabilitation Act), and 42 U.S.C. § 12117(a) (ADA).

3. All material allegations relative to the named defendant that is contained within this complaint are believed to have occurred in the State of Nevada, in the County of Clark; therefore, pursuant to 28 U.S.C. § 1391(b)(2), venue properly lies in the southern division of the United States District Court for the District of Nevada.

**Exhaustion of Administrative Remedy**

4. On December 17, 2018, Ms. Miller filed a Charge of Discrimination with the United

States Equal Employment Opportunity Commission ("EEOC") against Defendant Clark County School District, her employer. Ms. Miller stated in her Charge of Discrimination that she was subjected to unlawful discrimination in employment, and retaliation, due to a disability during her employment with Defendant Clark County School District. A true and correct copy of this Charge of Discrimination is attached as Exhibit 1. The EEOC assigned Charge No. 487-2019-00445 to this Charge of Discrimination.

5. By notice dated May 30, 2019, the EEOC sent to Ms. Miller its "Dismissal and Notice of Rights," advising Ms. Miller that the EEOC was terminating its proceedings and closing its file regarding Charge No. 487-2019-00445. A true and correct copy of this "Dismissal and Notice of Rights" is attached as Exhibit 2.

6. Ms. Miller received this Notice shortly after the date stated that it was mailed.

7. On August 6, 2019, Ms. Miller filed a second Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") against Defendant Clark County School District, her employer. Ms. Miller stated in her Charge of Discrimination that Defendant subjected her to unlawful retaliation, in the form of termination, due to her prior Charge of Discrimination. A true and correct copy of this Charge of Discrimination is attached as Exhibit 3. The EEOC assigned Charge No. 487-2019-01749 to this second Charge of Discrimination.

8. By notice dated August 9, 2019, the EEOC sent to Ms. Miller its "Dismissal and Notice of Rights," advising Ms. Miller that the EEOC was terminating its proceedings and closing its file regarding Charge No. 487-2019-01749. A true and correct copy of this "Dismissal and Notice of Rights" is attached as Exhibit 4.

9. Ms. Miller received this second Notice shortly after the date stated that it was mailed.

10. This action has been filed with this Court within 90 days of the EEOC mailing to Ms. Miller this "Dismissal and Notice of Rights" and within 90 days of Ms. Miller's receipt of both notices. Therefore, this action is timely filed pursuant to 42 U.S.C. § 2000e-5(f) and 42 U.S.C. § 12117(a).

11. Ms. Miller, therefore, has exhausted her administrative remedy on all claims pled hereunder prior to filing this action with this Court.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

**General Allegations**

12. Ms. Miller repeats the allegations contained in paragraphs 1 to 11, *supra*.

13. Ms. Miller is a citizen of the State of Nevada and a resident of Clark County, Nevada.

14. Defendant Clark County School District is a political subdivision of the State of Nevada, pursuant to NRS 386.010(2). Its main office is 5100 W. Sahara Avenue, Las Vegas, Nevada, within Clark County, Nevada.

15. Defendant had over 15 employees at all times relevant to this matter.

16. Defendant had over 500 employees at all times relevant to this matter.

17. Ms. Miller commenced employment with Defendant on or about August 23, 2018.

18. Ms. Miller was employed at Sheila Tarr Elementary School at all times relevant to the allegations contained herein.

19. Ms. Miller was employed by Defendant as a Special Education Teacher, Resource.

20. Sheila Tarr Elementary School is an elementary school within the Defendant Clark County School District.

21. The following particulars of the claims of unlawful discrimination to which Ms. Miller was subjected during her employment with Defendant were set forth in the Charge of Discrimination, Charge No. 487-2019-00445, that she filed with the EEOC, and which is attached as Exhibit 1:

a. Upon being hired by Defendant, Ms. Miller informed Defendant that, because of a disability as defined at 42 U.S.C. § 12102 of the ADAAA, she would need a reasonable accommodation to perform the essential functions of her job.

b. Accommodation that would have allowed her to perform the essential functions of her job were available to Defendant and were not provided to Ms. Miller on a consistent basis.

c. Defendant's failure to provide, on a consistent basis, the reasonable accommodations that were requested negatively affected Ms. Miller's job performance.

d. As a result of Ms. Miller's disability, and as a result of her requesting reasonable accommodations under the ADAAA, Ms. Miller was subjected to harassment, discipline,

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

and disparate terms and conditions of employment relative to other special education teachers at her school.

22. Ms. Miller suffers from mild cognitive impairment as a result of a traumatic brain injury suffered when she was 22 years of age, well before the commencement of her employment with Defendant. Her treating physician requested the following accommodations in order to "allow her to function in her position at the highest possible level":

a. "Allowance to attend regular doctor appointments and counseling sessions":

b. "Extra time to complete projects as assigned";

c. "Visual cues to complete verbal tasks".

23. Ms. Miller also suffers from bilateral tinnitus with no concomitant hearing loss. According to her treating physician for this condition, "There are listening strategies that would greatly assist Ms. Miller in these environments such as: eliminating distracting noises, providing outlines of presentation/lecture, and having a designated note taker for group discussions."

24. Despite's Defendant's representations, the requested accommodations were not provided on a regular basis.

25. The principal and administration of Sheila Tarr Elementary School engaged in a pattern and campaign of harassment and retaliation against Ms. Miller.

26. Ths resulted in an incident on or around February 4, 2019, when a violent incident involving a student in her classroom occurred. Ms. Miller pushed the "emergency button" in her classroom, indicating that she needed immediate assistance with a violent student in her special education classroom. No one responded to the call on the "emergency button." After a significant period of time after Ms. Miller called for help and received no response, the student threw a heavy object at Ms. Miller, causing significant bodily injury to Ms. Miller.

27. On February 6, 2019, the school principal and an employee/management relations official interrogated Ms. Miller, including the incident on February 4, 2019. Ms. Miller pleaded with Defendant's officials to reschedule the interrogation because she still was in severe pain following the violent incident two days earlier and had a doctor's appointment for treatment. Instead, Defendant's officials continued the interrogation for around 2.5 hours, ridiculing Ms. Miller over

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

the incident and her injuries.

28. Ms. Miller then was unable to return to the classroom for the remainder of the 2018-2019 school term because of her bodily injury.

29. By letter dated April 26, 2019, Ms. Miller was notified that she would "not be reemployed for the 2019-2020 school year." This, effectively, terminated Ms. Miller's employment with Defendant.

30. In the letter, the Superintendent for Defendant told Ms. Miller that she was a "probationary employee," even though Ms. Miller previously worked for Defendant and, therefore, should have been classified as post-probationary and compensated accordingly. The Superintendent further stated that Ms. Miller was terminated for "[f]ailure to satisfy performance standards," based on a performance appraisal done on April 3, 2019, two months after the violent incident that caused bodily injury to Ms. Miller and two months after Ms. Miller's last day present on the job.

31. Following this termination, Ms. Miller filed a second Charge of Discrimination against Defendant, based on unlawful retaliation for having filed a prior EEOC charge. The following particulars of the claims of unlawful retaliation to which Defendant subjected Ms. Miller were set forth in the Charge of Discrimination, Charge No. 487-2019-01749, that she filed with the EEOC, and which is attached as Exhibit 3:

a. On December 17, 2018, Ms. Miller filed EEOC Charge No. 487-2019-00445.

b. By letter dated April 26, 2019, Defendant notified Ms. Miller that it was terminating Ms. Miller effective for the 2019-2020 school term.

c. Defendant's stated reason for the termination was job performance.

d. Any perceived and/or actual deficiencies with Ms. Miller's job performance could have been corrected or mitigated by providing the reasonable accommodations to Ms. Miller's disabilities that she requested through her treating physicians. Defendant failed to consistently provide the requested reasonable accommodations, which negatively affected Ms. Miller's job performance.

e. Moreover, Ms. Miller had been unable to work since February 8, 2019, to an injury suffered as a result of a violent student outburst that Defendant failed and refused to assist Ms.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Miller in handling as part of a campaign of harassment against Ms. Miller for requesting a reasonable accommodation to a covered disability that would have allowed her to perform the essential functions of her job.

**First Claim for Relief**

*Unlawful employment discrimination due to disability*

32. Ms. Miller repeats the allegations contained in paragraphs 1 to 31, *supra*.

33. During Ms. Miller's employment with Defendant, until such time as she was injured in a violent outburst by a student to which the principal and administrator failed to make an adequate response, Ms. Miller was a qualified individual who could perform the essential functions of her position with Defendant, with a reasonable accommodation.

34. Because Defendant failed to properly accommodate Ms. Miller's disability and, therefore, unlawfully discriminated against Ms. Miller and subjected her to disparate treatment because she was a qualified individual with disability, Defendant violated 42 U.S.C. § 12112(a) of the ADAAA. Defendant, therefore, must pay Ms. Miller damages in an amount to be determined at trial, for backpay, frontpay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

35. Because Defendant has been guilty of oppression, fraud or malice, express or implied, Defendant must pay Ms. Miller an additional amount for the sake of example and by way of punishment.

36. Ms. Miller has had to procure the services of an attorney to protect her rights and secure compensation for damages incurred as a result of these violations of the ADAAA; therefore, she is entitled to recover reasonable attorneys' fees pursuant to 42 U.S.C. § 12205.

**Second Claim for Relief**

*Unlawful employment discrimination in violation of the Rehabilitation Act*

37. Ms. Miller repeats the allegations contained in paragraphs 1 to 36, *supra*.

38. Defendant is a recipient of the requisite federal funding for federally-mandated programs, and, therefore, is subject to the anti-discrimination provisions set forth at 29 U.S.C. § 794.

39. Because Defendant failed to properly accommodate Ms. Miller's disability and,

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

therefore, unlawfully discriminated against Ms. Miller and subjected her to disparate treatment because she was a qualified individual with disability, Defendant violated 29 U.S.C. §§ 794, 794a, of the Rehabilitation Act. Defendant, therefore, must pay Ms. Miller damages in an amount to be determined at trial, for backpay, frontpay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

40. Because Defendant has been guilty of oppression, fraud or malice, express or implied, Defendant must pay Ms. Miller an additional amount for the sake of example and by way of punishment.

41. Ms. Miller has had to procure the services of an attorney to protect her rights and secure compensation for damages incurred as a result of these violations of the Rehabilitation Act; therefore, she is entitled to recover reasonable attorneys' fees pursuant to 29 U.S.C. § 794a(b) and 42 U.S.C. § 2000e-5(k).

**Third Claim for Relief**

*Unlawful retaliation*

42. Ms. Miller repeats the allegations contained in paragraphs 1 to 41, *supra*.

43. Ms. Miller engaged in protected opposition to Defendant's violations of the ADAAA as she repeatedly objected to Defendant's failure to provide the requested reasonable accommodations to her disabilities.

44. Defendant responded to Ms. Miller's objections with a campaign of retaliation and harassment, culminating in an incident where the principal and administration of Sheila Tarr Elementary School willfully failed to protect Ms. Miller from an act of violence in her classroom.

45. Defendant violated 42 U.S.C. § 12203 of the ADAAA by unlawfully retaliating against Ms. Miller for her protected opposition to Defendant's unlawful failure to provide the requested reasonable accommodations. Defendant, therefore, must pay Ms. Miller damages in an amount to be determined at trial, for backpay, frontpay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

46. Because Defendant has been guilty of oppression, fraud or malice, express or implied, Defendant must pay Ms. Miller an additional amount for the sake of example and by way of

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

punishment.

47. Ms. Miller has had to procure the services of an attorney to protect her rights and secure compensation for damages incurred as a result of these violations of the ADAAA; therefore, she is entitled to recover reasonable attorneys' fees pursuant to 42 U.S.C. § 12205.

**Fourth Claim for Relief**

*Unlawful retaliation for filing a claim for workers' compensation benefits*

48. Ms. Miller repeats the allegations contained in paragraphs 1 to 47, *supra*.

49. As set forth in *Hansen v. Harrah's*, 100 Nev. 60, 675 P.2d 394 (1984), it is a violation of strong and compelling public policy of the State of Nevada for an employer to discharge, discipline, adversely alter the terms and conditions of employment, or otherwise retaliate against an employee for filing a claim for benefits under the Nevada Industrial Insurance Act ("NIIA"), NRS chapters 616A through 616D.

50. As set forth in paragraph 23, *supra*, on or around February 8, 2019, Ms. Miller suffered a significant injury on the job for which she filed for benefits as compensation for this on-the-job injury under the NIIA.

51. After her workplace injury and the resulting claim for benefits under the NIIA, Defendant suffered an adverse job action. She was notified that she would not be re-employed for the 2019-2020 school term. Her employment was terminated before she returned to work.

52. Defendant violated Nevada law, and strong and compelling Nevada public policy, when it terminated Ms. Miller as part of Defendant's retaliation against Ms. Miller for seeking and receiving benefits under the NIIA.

53. Because Defendant violated strong and compelling Nevada public policy protecting employees who seek and procure benefits for work-related injuries, Defendant must pay Ms. Miller damages for backpay, frontpay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life in an amount to be determined at trial.

54. Because Defendant has been guilty of oppression, fraud or malice, express or implied, it should pay Ms. Miller an additional amount for the sake of example and by way of punishment.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

55. Ms. Miller has had to procure the services of an attorney because of Defendant's tortious misconduct in violation of the Nevada Industrial Insurance Act and strong and compelling Nevada public policy; therefore, she is entitled to an additional amount as special damages for attorney's fees incurred.

WHEREFORE, Plaintiff KRISTINE E. MILLER prays that the following judgment be entered upon a trial by jury, against Defendant CLARK COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada:

1. Monetary damages in an amount to be determined at trial, which continue to accrue;

2. An award of interest on the amount owed;

3. Punitive and liquidated damages;

4. An award of attorneys' fees and costs pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a(b), 42 U.S.C. § 2000e-5(k), or any other statute, as appropriate; and

5. Any further relief that this Court deems just.

Respectfully submitted,

LAW OFFICES OF ROBERT P. SPRETNAK

By: /s/ Robert P. Spretnak
Robert P. Spretnak, Esq.

Attorney for Kristine E. Miller, Plaintiff

8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123